UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| KEVIN JONES, | : | |
|---|---|---|
| Petitioner, | : | Civ. No. 12-4046 (KM) |
| v. | : | **OPINION** |
| CHARLES WARREN, et al., | : | |
| Respondents. | : | |

## KEVIN McNULTY, U.S.D.J.

Petitioner, Kevin Jones, is a state prisoner currently incarcerated at New Jersey State Prison in Trenton, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Jones challenges his 1993 conviction for robbery and possession of a weapon for an unlawful purpose. He was sentenced to life imprisonment with twenty-five years of parole ineligibility. For the following reasons, the petition will be denied as untimely under the applicable one-year statute of limitations. 28 U.S.C. § 2244(d)(1).

### I. BACKGROUND

*Procedural History*

The following essential dates appear to be undisputed, except as noted.

Jones was convicted of robbery and weapons charges. On July 9, 1993, he was sentenced. On March 23, 2000, the New Jersey Superior Court, Appellate Division, granted him leave to file his otherwise untimely direct appeal *nunc pro tunc*. (*See* Dkt. No. 7-3.) On November 3, 2003, the Appellate Division affirmed Jones's conviction and sentence. State v. Jones, No. A 4070-99. On January 21, 2004, the New Jersey Supreme Court denied certification of that

1

appeal. (*See* Dkt. No. 7-6.) The 90-day deadline for filing a petition to the U.S. Supreme Court for a writ of certiorari expired on April 20, 2004.

The sole PCR petition in the record is dated November 1, 2006, over 2 ½ years later (the "2006 PCR petition").[1] On May 20, 2008, that 2006 PCR petition was denied by the Superior Court of New Jersey, Law Division. (*See* Dkt. No. 7-12.) On October 5, 2010, the Appellate Division affirmed the denial of Petitioner's 2006 PCR petition. State v. Jones, 2010 WL 3932893 (App. Div. Oct 5, 2010). (*See* Dkt. No. 7-15.) On March 22, 2012, the New Jersey Supreme Court denied the petition for certification. State v. Jones, 210 N.J. 27 (2012). (*See* Dkt. No. 7-18.)

On June 22, 2012, Jones filed this federal habeas petition. It appeared to the Court that it might not be timely under the applicable one-year statute of limitations, *see* 28 U.S.C. § 2244(d)(1). The one-year limitations period expired on April 20, 2005, and the PCR petition (which potentially tolled the limitations period) was not filed until November 1, 2006, some eighteen months later. Jones contends, however, that he attempted to file an earlier PCR petition on October 30, 2004 – within the one-year limitations period -- by delivering it to New Jersey State prison officials for mailing (the "alleged 2004 PCR petition"). There is no court record of that petition, and respondents have no record of it. (*See* Dkt. No. 9 at p. 3.)

---

[1] This will be deemed the date of filing. Pursuant to the prisoner "mailbox rule," a petitioner's court filing is deemed filed on the date he delivered it to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988). When a court is unable to determine the exact date that a prisoner handed his petition to a prison official for mailing, it will look to the signed and dated certification of the petition. *See Henderson v. Frank*, 155 F.3d 159, 163-64 (3d Cir 1998) (using date prisoner signed petition as date he handed it to prison officials for mailing); *Maples v. Warren*, No. 12-0993, 2012 WL 1344828, at *1 n.2 (D.N.J. Apr. 16, 2012) ("Often times, when the court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition."). Logically, that is the earliest date it could have been delivered to prison officials for mailing.

2

On September 12, 2012, I ordered respondents to file an answer confined to the issue of the timeliness of the habeas petition, attaching relevant portions of the state court record. (Dkt. No. 3) That order also authorized Jones to file a traverse, deemed to be a supplement to his petition, on the issue of timeliness, and directed him to attach, or direct the Court to, any evidence in support of his position. On October 25, 2012, respondents filed their limited answer and exhibits. (Dkt. Nos. 6, 7) On December 17, 2012, petitioner filed his traverse, together with an affidavit of counsel. (Dkt. Nos. 9, 10).

*The September 12, 2012 Order*

For ease of reference, I here reproduce the most pertinent parts of my September 12, 2012 Order (Dkt. No. 3), which sets the legal and procedural context for this opinion:

6. The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). That one-year limitations period starts to run from "the date on which the judgment became final." 28 U.S.C. § 2244(d)(1). A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) at the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for a writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13. ….

7. The one-year statute of limitations under § 2244(d) is subject to two tolling doctrines: statutory tolling … and equitable tolling. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).

3

8. By statute, under Section 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the AEDPA one-year time limitation. 28 U.S.C. § 2244(d)(2). Such tolling applies, however, only when the application for state post-conviction review was filed before the expiration of the limitations period; filing a new application for post-conviction relief will not revive an AEDPA limitation period that has already expired. Thus, for example, no statutory tolling results if a PCR application is filed more than a year after the litigant's judgment became final. See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004).

9. As noted, the AEDPA statute of limitations is also subject to equitable tolling, for which the standards are different. See Holland v. Florida, 130 S. Ct. 2549 (2010); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (a) that he has been pursuing his rights diligently, and (b) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Holland, 130 S. Ct. 2549. The Third Circuit instructs that equitable tolling is appropriate only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005); see also Holland, 130 S. Ct. 2549 (same). Excusable neglect is not sufficient to warrant equitable tolling for purposes of federal habeas review. See id.; see also Merritt v. Blaine, 326 F.3d 157, 168 (3d

Cir. 2003); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). "Extraordinary circumstances" have been found where: (a) the respondent has actively misled the plaintiff; (b) the petitioner has in some extraordinary way been prevented from asserting his rights; (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159; or (d) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). In addition to extraordinary circumstances, the Petitioner must demonstrate reasonable diligence in asserting his rights. "If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

10. Finally, federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary." Stevens v. Delaware Correctional Center, 295 F.3d 361, 368 (3d Cir. 2002)....

11. Solely for purposes of setting an outer limit, this Court will assume – without deciding – that the Appellate Division's grant of Petitioner's application to file a direct appeal nunc pro tunc in 2000 extended the period of Petitioner's direct appeal for purposes of AEDPA. …. On that assumption, Petitioner's AEDPA limitations period would not have started running until April 20, 2004 (i.e., the expiration of the 90 day period to seek a writ of certiorari after the Supreme Court of New

Jersey denied certification on Petitioner's direct appeal on January 21, 2004). On that favorable assumption, adopted only for purposes of argument here, the pendency of Petitioner's direct appeal would have extended the expiration of the one-year AEDPA period through April 19, 2005.[2]

12. The question remains whether a petition for post-conviction relief, filed or pending within the AEDPA limitations period, tolled the expiration of that limitations period. According to the state court's recitation of procedural history, Petitioner's sole PCR application was filed on November 1, 2006. That was more than 18 months after April 19, 2005, the latest date that Petitioner's AEDPA period could have expired under the most favorable assumptions (see paragraph 11, above). If this was indeed the sole PCR application, it came too late, and could not have revived the already-expired limitations period *via* statutory tolling; under this scenario, the Petition has been untimely since April 19, 2005.

13. Was this the only PCR application? The state court stated that there was no PCR application from Petitioner other than the one dated November 1, 2006. Petitioner disagrees. Petitioner states that on October 30, 2004, he "mailed a state petition for postconviction relief (PCR) to the Superior Court of New Jersey, Law Division, Union County." See Docket Entry No. 1, at 22. According to Petitioner, the November 1, 2006, PCR application was a refiling that was necessary because of "inaction on the initial [October 30, 2004] PCR petition . . ." See id. Petitioner's lengthy Petition (23-pages, single-spaced) does not advert to any independent evidence or offer any further significant explanation.

---

[2] It now appears that April 20, 2004, not April 19, is the correct date. The difference is immaterial to the result.

14. The alleged October 30, 2004 PCR petition would have triggered statutory tolling only if it was "properly filed." In their additional submissions, see paragraph 15, infra, Respondents may wish to deal with this issue factually and/or legally. Factually, the existence or not of a 2004 PCR filing should be ascertainable from court records. Even if a mailing went astray, the *fact* of mailing might be ascertainable from prison records. Assuming that a prison mailing went astray, the parties may wish to address the legal consequences of that for purposes of statutory or equitable tolling. The Supreme Court has held that a "properly filed" application is one accepted by the clerk of the court for placement in the public record, irrespective of "whether the claims contained in the application are meritorious and free of procedural bar." Artuz v. Bennett, 531 U.S. 4, 8-9 (2000). That case, however, did not involve or discuss a prison mailing mishap; it was not contested that the clerk received the petition. In Houston v. Lack, 487 U.S. 266 (1988), the Court announced the so-called "prisoners' mailbox rule." Lack held that pro se prisoners' notices of appeal are "filed" at the moment of delivery to prison authorities for forwarding to the district court, because a prisoner necessarily loses all control at the moment of delivery to prison authorities. In Lack, however, there was no dispute that the clerk had eventually received the papers for filing; the only issue was whether the date of mailing, or the date of receipt by the clerk, should be considered the date of filing.

15. … The Court therefore directs Respondents to file a limited answer ("Limited Answer") addressing, at this juncture, solely the issue of timeliness. ….

16. Noting Petitioner's failure to address the issue of equitable tolling and mindful of Petitioner's pro se status, this Court will permit Petitioner to file a Traverse or response to the Limited Answer. That

7

Traverse will be deemed a supplement to the Petition. If Petitioner chooses to file such a Traverse, he shall state any additional facts, not contained in the Petition, that are relevant to the issue of timeliness. Any such submission shall be confined to the issue of timeliness, and shall attach or direct the Court to any documentary or other evidence in support of Petitioner's position.

## II. DISCUSSION

The statute of limitations for a § 2254 petition is set forth in 28 U.S.C. § 2244(d), which states in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of –
>  (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one year statute of limitations, then, runs from the date that petitioner's state court judgment became final. A judgment becomes final at the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999) (noting that state supreme court's decision became final after ninety days because the time for seeking certiorari expired).

That one-year limitations period is statutorily tolled during the time in which a properly filed state PCR petition is pending. *See* 28 U.S.C. § 2244(d)(2). A prisoner's application for state collateral review is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings[,]" *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)

8

(emphasis omitted), including "time limits, no matter their form[.]" *Pace v. DiGigulielmo*, 544 U.S. 408, 417 (2005). Thus, if a state court determines that a PCR application is untimely, it will not statutorily toll AEDPA's limitation period, "regardless of whether [the state court] also addressed the merits of the claim, or whether its timeliness ruling was entangled with the merits." *Carey v. Saffold*, 536 U.S. 214, 226 (2002). However, "if a state court fails to rule clearly on the timeliness of an application, a federal court 'must . . . determine what the state courts would have held in respect to timeliness." *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85-86 (3d Cir. 2013) (quoting *Evans v. Chavis*, 546 U.S. 189, 198 (2006)).

In this case, petitioner's state court judgment became final on April 20, 2004, ninety days after the New Jersey Supreme Court denied certification on petitioner's direct appeal *nunc pro tunc*.[3] Accordingly, unless the statute of limitations was tolled, it expired a year later, on April 20, 2005.

Jones filed the 2006 PCR petition on November 1, 2006, well after the AEDPA statute of limitations expired in April 2005. Statutory tolling is therefore unavailable; a period that has already expired cannot be suspended or tolled. *See Long v. Wilson*, 393 F.3d 390, 394-95 (3d Cir. 2004) (state post-conviction relief petition had no effect on tolling because the limitations period had already run when it was filed).

In the alternative, however, the petitioner may be able to overcome the time bar if he can show a basis for equitable tolling. "There are no bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011), *cert. denied*, *Kerestes v. Pabon*, - U.S. -, 132 S. Ct. 2430 (2012). "[T]he particular circumstances of each petitioner must be taken into account," *id.*, and each decision made on a case-by-case

---

[3] I make the very petitioner-favorable assumption that the Appellate Division's acceptance of petitioner's direct appeal *nunc pro tunc*, some seven years after petitioner's conviction, retroactively rendered it timely for purposes of AEDPA.

9

basis. *See Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2563 (2010). "[E]quitable tolling is appropriate when the principles of equity would make rigid application of a limitations period unfair, but . . . a court should be sparing in its use of the doctrine." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Pabon*, 654 F.3d at 399; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)) (footnote omitted).

"Generally, a litigant seeking equitable tolling [of the AEDPA's statute of limitations] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418; *see also Jenkins*, 705 F.3d at 89.

The diligence that is the first requirement for equitable tolling must be reasonable under the circumstances:

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. *Holland*, 130 S. Ct. at 2565. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citing *Jones*, 195 F.3d at 160). A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test, it must be considered in light of the particular circumstances of the case . . . . The fact that a petitioner is proceeding pro se does not insulate him from the "reasonable diligence" inquiry and his lack of legal training does not alone justify equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

*Ross*, 712 F.3d at 799-800 (internal citations and footnote omitted).

The second requirement, an "extraordinary circumstance," may be found where (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citing *Jones*, 195 F.3d at

159). However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id.* (citations omitted).

Jones contends that he has in some extraordinary way been prevented from asserting his rights. (He does not claim that anyone actively misled him or that he timely asserted his rights in an improper forum.) He seeks equitable tolling from October 30, 2004, to November 1, 2006, based on the following alleged facts: On October 30, 2004, before the AEDPA statute of limitations expired, he handed to New Jersey State prison officials a state PCR petition for mailing. (*See* Dkt. No. 9 at p. 3.) The prison officials, he says, never mailed this 2004 alleged PCR petition to the state court. He attempted to ascertain the status of his alleged 2004 PCR petition several times, but it was not until September 2006 that he learned that "the October 2004 petition had not been filed." (*Id.*) Thus, according to the petitioner, the 2006 PCR petition was actually a replacement for the earlier, lost petition. (*Id.*) Jones contends that, because his alleged timely filing of the 2004 petition was obstructed for reasons beyond his control, the time between the 2004 and 2006 petitions should be subject to equitable tolling.

For the following reasons, these allegations fail to establish that petitioner is entitled to equitable tolling. There is neither a sufficient record of the filing (or attempted filing) of the alleged 2004 PCR petition, nor evidence that the petitioner exercised reasonable diligence.

*Saleem v. Hendricks*, 306 F. App'x 739 (3d Cir. 2009), though not precedential, is suggestive as to both issues. There, a prisoner's deadline to file a federal habeas petition was September 16, 1997. He timely filed his first federal habeas petition, but the federal court entered an order dismissing it without prejudice so that he could exhaust his claims in state court. *See id.* at 740. Because of a problem with the mail system, Saleem did not receive a copy of that federal

court order until July 7, 1999, about 11 months after it was signed. *See id.* Saleem delayed another 20 months, until March 2001, before filing a state PCR petition, in an attempt to exhaust his claims. The state court denied the PCR petition, finding it untimely and also finding that the grounds therein should have been raised on direct appeal. *See id.*

Saleem returned to federal court to renew his habeas petition. Arguing for equitable tolling, Saleem asserted that he had filed another, *pro se* PCR petition in state court in October 1999. That date, which fell 3 months (rather than 20 months) after he received the federal court order returning him to state court, would perhaps have been timely. The Third Circuit, however, affirmed the district court's rejection of Saleem's equitable tolling argument:

> Though Saleem claims he filed a *pro se* post-conviction petition in October 1999, there is nothing in the record to support that assertion. [FN 1] The burden lies on the petitioner to prove that he has been reasonably diligent in pursuing his petition, *see Urcinoli v. Cathel*, 546 F.3d 269, 277 (3d Cir. 2008), and Saleem has presented no evidence that would indicate that he was reasonably diligent because unsupported allegations do not constitute sufficient evidence. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).
>
>> [FN 1] Saleem's appellate brief does not allege that he filed a petition in October 1999. Rather, the State's appellate brief alludes to such a filing and the District Court's opinion below discussed the factual dispute regarding the October 1999 petition. To its credit, the State acknowledges Saleem's contention at the District Court that he filed a *pro se* post-conviction petition on October 1, 1999. No documents relating to this alleged filing are in the record and none were found by the State. However, there is a letter, dated July 17, 2000, from the Office of the Public Defender to the New Jersey state court that indicates that Saleem filed a *pro se* petition on an unspecified date. The State correctly argues that this record is insufficient to show that Saleem actually filed a petition in 1999.

*Saleem*, 306 F. App'x at 741.

Adopting the approach of *Saleem*, I find that petitioner Jones in this case has not presented sufficient evidence that he ever attempted to file the alleged 2004 PCR petition or, in any case, that he was reasonably diligent in pursuing his rights and meeting applicable deadlines. As noted above, I entered an order in which I instructed the petitioner as to the law governing the equitable tolling issue; invited him to submit any and all facts and evidence to support equitable tolling; and suggested the sort of proofs that might be submitted. Petitioner has neither presented nor directed me to sufficient proofs.

Jones states, long after the fact, that he attempted to file a state PCR petition on October 30, 2004. He does not present a copy of the alleged October 30, 2004 PCR petition. He does not offer any record, from the prison or otherwise, of his attempt to mail it. He does not offer any documentary or other evidence of his claimed attempts to ascertain the status of the alleged 2004 PCR petition.

What Jones does submit is the affidavit of an attorney, Paul Casteleiro, Esq., dated December 18, 2012 Casteleiro states that, at the request of Jones's family, he visited Jones in prison in the fall of 2004. Casteleiro states that Jones told him in 2004 that he "feared" that his outgoing legal mail was not being posted by the institution. According to Casteilero, Jones also said that his papers were being lost or destroyed, accidentally or in retaliation, in connection with his many moves within the prison, which were connected to alleged institutional infractions. (*See* Dkt. No. 10 at p. 1.)

Jones's general complaint that he feared his legal mail was being obstructed falls far short of evidence that he attempted to file a PCR petition in 2004. The affidavit is most notable for what it does not include. There is no reference to any attempt to file a PCR petition, a specific concern that Jones naturally would have raised if it were the case. The visit from Casteilero, at

the request of Jones's family, suggests that Jones had contact with the outside world and some means of checking on whether his mail was getting through. Indeed, Jones's statements to Casteilero indicate that he was alerted to the possibility or likelihood that his mail was being obstructed; under the circumstances, he should have checked or had someone check on his PCR filing. If prison officials had purposely not forwarded his PCR petition, as Jones claimed, that would have been wrongful, to be sure. But it also would have alerted Jones to the need to confirm that his papers had been filed and he had met the relevant deadline.

What is left of Jones's equitable tolling argument is essentially an unsupported allegation. This does not constitute sufficient evidence to show that he in fact sent a PCR in October 2004, or that, having done so, he was reasonably diligent in in pursuing his claims. *See Saleem, supra* (citing *Morse*, 132 F.3d at 906); *see also Nelson v. Superintendent of SCI-Huntingdon*, No. 07-1453, 2009 WL 918097, at *5-6 (W.D. Pa. Apr. 2, 2009) (finding that petitioner was not reasonably diligent in pursuing his claims when he failed to provide sufficient evidence that he was checking to see if his petition for allowance of appeal had been denied by the Pennsylvania Supreme Court).

Jones asserts that prison officials destroyed or lost legal documents and papers he had kept. Casteilero, in his affidavit, confirms that he sent certain papers to Jones in 2004, and that he sent Jones a second set of trial transcripts in May 2005. Nevertheless, Jones did not actually file a PCR petition until November 1, 2006. This, too, indicates a lack of reasonable diligence. Even if the mislaying of the PCR petition in October 2004 were an extraordinary circumstance, Jones's subsequent failure to follow up would break the chain of causation and disqualify his case from equitable tolling: "If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation

between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)). Petitioner is not entitled to equitable tolling.

As neither statutory nor equitable tolling saves the petition, the petition will be denied as untimely under the one-year AEDPA statute of limitations. 28 U.S.C. § 2244(d)(1).

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Applying that standard, the Court declines to issue a certificate of appealability in this case.

### IV. CONCLUSION

For the foregoing reasons, the habeas petition will be denied as untimely, and a certificate of appealability will not issue. An appropriate order will be entered.

DATED: October 15, 2013

_____
KEVIN McNULTY
United States District Judge